UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

Wayne World

vs

Correctional Managed Health Care
DOC Commissioner Scott Semple
APRN MaryAnn Rodriquez Dr. Wright
Dr. Memon Dr. Freston
Unit Manager Maggio
Correctional Officer Augusto
Dr. Andrew Kim
URC committee members for 2014(names will be obtain in Discovery John/Jane Does)
Dr. Johnny Wu

Prisoner Civil Number:

March 22 2016

3:16CU 519 JCH

## Preliminary Statement

This is a civil rights action filed by Wayne World, a state prisoner for damages and injunctive relief under 42 U.S.C. section 1983, Americans with Disability Act, alleging denial and delay in medical care in violation of the Eighth Amendment to the United States Constitution. The plaintiff also alleges the torts of medical malpractice and negligent.  All defendants acted wanton, recklessly and maliciously.

## Jurisdiction

1. The Court has jurisdiction over the plaintiff's claims of violation of federal constitution rights under 42 U.S.C. section 1331(a) and 1343.

2. The Court has supplemental jurisdiction over the plaintiff's state law tort claims under 28 U.S.C. 1367.

## Parties

The plaintiff, Wayne World is and has been incarcerated at Osborn Correctional Institution, 335 Bilton road, P.O. Box 100 Somers, Connecticut 06071.  He is a citizen of the United States and Connecticut.  His inmate number is 277511.

Correctional Managed Health Care can be properly served at 263 Farmington Ave, Farmington, Connecticut 06030-3800.

Department of Corrections Commissioner Scott Semple can be properly served at 24 Wolcott Hill Road, Wethersfield, Connecticut 06109.

APRN MaryAnn Rodriquez can be properly served at 391 Shaker Road, Enfield, Connecticut 06082.

Dr. Wright, Dr. Freston, Dr. Memon, Maggio, C/O Augusto can all be properly served at 335 Bilton Road, Somers Ct 06071.

Dr. Andrew Kim, Dr. Johnny Wu and the URC committee for 2014 can all be served at 263 Farmington Ave Farmington Ct 06030-3800.

2. Plaintiff maintains that the deprivation and violations of his constitutional rights were carried out pursuant to the rules, regulations, customs, policies and practices of defendants(CMHC/DOC) acting under the color of state law, knowingly caused plaintiff to be deprived of his constitutional rights.

3. Plaintiff requests the court to declare the acts and/or omissions by defendants were unconstitutional and by an award of compensatory and punitive damages compensate him for the violations of his constitutional rights and deter defendants from further participation in such unconstitutional acts/or omissions.

4. The Department of Corrections(Scott Semple) entered into contract with the University of Connecticut to provide medical care for all Connecticut inmates creating Correctional Managed Health Care (CMHC). Inside the contract, the department of Corrections attempts to take away all liability for any wrong that the University may do, stating they will pay for all inmate civil actions. Whereby leaving the University and it's employee to do the bare minimum to earn a profit and/or deny and delay medical treatment through the Utilization Review Committee. This state contract is unconstitutional on it's face and Uconn should be held accountable for their violation of inmate rights.

5. The defendants are medical personnel responsible to ensure that all prisoners under their jurisdiction receive timely and medically necessary treatment. All named defendant are being sued in their **individual and official capacities.** Entity defendants are being sued in official capacity only under 1983 and Americans with Disabilities act for their policies, rules, regulation practices and customs which violated the plaintiff's rights guaranteed by the Eighth and Fourteenth Amendment to the United States Constitution.

6. Any John And Jane Doe defendant will be named at first discovery request by the plaintiff.

## FACTS OF COMPLAINT

1. The plaintiff, Wayne World, was residing in Osborn Correctional Institution in Q-1, when he observed multiple dark spots appearing on various parts of his body.

2. On <u>5-12-2013</u>, he sought medical treatment at Osborn C.I. he was seen by a Nurse Naar RN, who went to APRN Rodriquez, MaryAnn and had her proscribe Hydrosortisone cream for the affected areas. Plaintiff was not examined by APRN on that day, but this was accord to Correctional Managed Health Care Nursing Protocol.

3. During the next 6 months, the affected areas progressively gotten worse by becoming lesions and blisters, which were inflamed and itching. Plaintiff constantly wrote medical staff to be seen by a Doctor. Nurses would write back, you are on the <u>Doctor's List</u>.

4. Plaintiff began writing APRN Rodriquez personally and he was finally seen by her and Not a Doctor on 11-25-2013.

5. Plaintiff was diagnosed with **Tinea Versicolor** by APRN MaryAnn Rodriquez in 11-2013.

6. APRN Rodriquez without biopsy, ordered **Ketoconazole** 400 mg and **Triamcinolone** on 11-25-13.

7. APRN Rodriquez ordered follow-up in 5 weeks.

8. APRN Rodriquez called plaintiff back to medical on 1-27-14. Affected area is now **95% of body.** She ordered **Ketoconazole** 400 mg and **Triamcinolone** ointment.

9. On 2-25-14 APRN Rodriquez reorders **Triamcinolone at 0.025% instead of 0.1%.**

10. On 6-16-14 APRN Rodriquez seen plaintiff, he stated **"My body has gone out of Control".** Clinical records state entire body covered with Multiple **Clusters of dry, red scaling plaques with defined borders with some areas inflamed.**

11. APRN Rodriquez Discontinues **Triamcinolone**, orders labe(blood work) and orders **Clobetasol ointment .05%, Prednisone** 60 mg x 5 days, 50 mg x 5 days, 40 mg x 5 days, 30mg x 5 days, 20 mg x 5 days, 10mg x 5 days and discontinue.

12. On 6-16-14 APRN Rodriquez submitted a Utilization Review Committee request for Specialty Consultation of Dermatology at Uconn. Specifically requesting **Consult for Clarification of Diagnosis and proper treatment.** See also included photos.

13. URC members denied request, but stated recommends (PCP)Primary Care Provider to perform **SKIN biopey and treat accordingly.**

14. No skin biopsy was performed.

15. On 6-25-14, plaintiff was called to medical to sign URC denial. APRN Rodriquez brought URC request and plaintiff to Doctor Wright's office, where DR. Memon was also. APRN Rodriquez told Dr. Wright a biopsy is needed and Wright said NO.

16. On 6-25-14, APRN Rodriquez ordered more labs, **Ketoconazole Shampoo 2%, Methotrexate** 5mg and a follow up in 30 days.

17. At this point without being able to perform a biopsy and get clarification of diagnosis and proper treatment. APRN Rodriquez diagnosis changed to **(Fungal v Psoriasis).**

18. The plaintiff filed a Medical habeas in Rockville Court CV14-4006321-S.

19. Plaintiff's mother Carrie World began calling on 7-23-14 for information about her son. Plaintiff had to sign release of information.

20. On 8-15-14, APRN Rodriquez renewed **Methotrexate** 5 mg, **Ketoconazole shampoo** 2%, **Clobetasol ointment .o5%.**

21. Each time the plaintiff starting his medication from 7-24-14 to 8-2014, it would start off good and then lesions would come back and worsen.

22. On 11-7-14 APRN Rodriquez renewed **Ketoconazole Shampoo** 2%, **Clobetasol ointment .05%.**

23. In 12-2014, plaintiff was seen by Dr. Freston(there is no clinical record, but the information is listed on 2-24-15 URC report summary). Plaintiff told Dr. Freston that he did not receive **Clobetasol** and lesions worsening. Dr. Freston increased **Methotrexate** to 10mg once a week.

24. Dr. Freston reviewed plaintiff's medical chart on 1-9-15 due to plaintiff's mother's letter.

25. On 1-12-12, plaintiff was seen by Dr. freston and APRN Rodriquez, **Methotrexate** reduced to 10mg once a week with a follow up to 2-11-15.

2

26. On 2-6-15, plaintiff was seen by APRN Rodriquez, plaintiff states "My body has gone out of control again". Clinical records state: Entire body covered with multiple clusters of dry, red scaling plaques with defined borders with some areas inflamed. Patient in distress about condition. APRN Rodriquez **Consults** with Dr. Wright and **Methotrexate** increased to 10mg twice a week.

27. APRN Rodriquez renews **Methotrexate** 10 mg once a week and NOW orders **Humira** 80mg to be taken at same time. Bloodline was to be taken before the start of Humira, but it was not. The start of Humira was due to the appointment with Dermatologist Jan Lu. Again, without biopsy, diagnosed with Severe Psoriasis not controlled by Methotrexate.

28. On 3-9-15 Labs for Hep B series were done.

29. On 3-12-15 plaintiff appeared before Judge Levine in his Medical Habeas. Plaintiff states to Judge Levine "His condition and diagnosis are unknown and he needs a biopsy. Dr. Johnny Wu tells Judge Levine from where he is sitting that he could see from there that plaintiff has Psoriasis. **And biopsy is NOT needed.**

30. On 4-30-15 Labs were ordered by APRN Rodriquez.

31. On 5-12-15, plaintiff goes back to see Dermatogolist in summary it states "Patient seen by dermatologist telemedicine on 2-24-15 diagnosed with **Plaque psoriasis** uncontrolled.

32. Dermatologist request **Humira** 40mg every 2 weeks, **Methotrexate** to 12.5 mg weekly, **Clobetasol ointment** and encourage **Natural Sunlight** on 5-12-15.

33. APRN Rodriquez orders everything Dermatologist requests to include a Pass for Natural Light(he was supposed to be able to go to recreation ow weekends only during the day). Unit Manager Maggio and Correctional Officer Augusto had a problem with plaintiff going to recreation. And the plaintiff's pass was taken.

34. On 5-20-15 APRN Rodriquez wrote a pass and order for Sun Exposure for 1 year. This pass was not Honored.

35. On 6-11-15, plaintiff seen Judge Levine through teleconference for his Medical Habeas. Habeas was continued because medical stated things are going on. No biopsy still.

36. On 6-25-15 Labs were ordered and **Methotrexate** 15 mg ordered.

37. URC committee approved 6-1-15 request to go to Uconn, to see Dermatologist.

38. On 7-13-15, plaintiff was sent to Uconn to see Dermataologist Andrew Kim. Summary report states lesion - psoriasis on **Humira** x 3 months and MTX. Went well but notice plaque reoccuring. On Humira since Feb. having worsen of Psoriasis over paost few months despite increase dose of MTX 15mg. Andrew Kim discontinued Humira and order **ENBREL 50 mg.**

39. On 7-14-15 APRN Rodriquez discontinued Humira and ordered Enbrel 50mg twice a week. Severe Psoriasis diagnosis.

40. On 8-20-2015. plaintiff seen by Judge Levine for Medical Habeas, it was continued again because things were going on.

41. On 9-17-2015, APRN Rodriquez reordered **Methotrexate** at 25 mg for only Saturday A.M. (Severe Psoriasis) Vulgaris- Recalcitrat.

42. On 9-21-2015, plaintiff went back to Uconn to see Dermatologist Andrew Kim Summary report states doing poorly on his current medication (Enbrel/MTX) Severe Psoriasis 100% body, Andrew Kim requested to see patient ASAP. Orders **Biopsy.** Sam Awan performed biopsy for diagnosis purposes.

43. Almost 2 years later, the biopsy was finally performed.

44. On 10-9-2015, DR. Andrew Kim emails facility advising medical staff to discontinue all oral medications secondary to consistent with **Psoriasis with Cutaneous Lymphoma vs Drug-Induced Cutaneous Lymphoma.**

45. All medications were discontinued and URC requests was put in on 10-9-15.

46. Plaintiff was sent to Uconn to see Dermatologist for **Psoriasis with Cutaneous Lymphoma vs Drug-Induced Cutaneous Lyphoma.** 10-19-15.

47. On 12-7-15, a second(2nd) biopsy was performed. This time two samples were taken.

48. Plaintiff seen Judge Levine by teleconference on 12-10-15 to get an answer on his Motion to be released because he could not get an answer on his diagnosis from biopsy(s).

49. On 12-16-15, URC request to see Oncology consultation regarding his **Cancer-Cutaneous T-cell Lymphoma** followed by Dermatologist for persistent Psoriasis.

50. Plaintiff was never given any patient information of any kind for the medications he was taking. He recently found out that the Methotrexate was a chemotherapy drug that breakdown immune system. Correctional Managed Health Care Policy is not providing patient information to save money.

51. Psoriasis has covered 100% of plaintiff body causing lesions, scarring, white/black spots, which itch, swell and his skin is splitting.

52. Department of Correction unconstitutional engaged in a contract with Uconn to taken away all liable from the University for any civil action brought against them. Stating DOC will pay for it. Thereby waiving all rights.

53. On 3-11-16 (URC request dated 2-25-2016) The Initial and Current Diagnosis now read Cancer-Lymphoma. Plaintiff was sent to Uconn to get an MRI due to the Cancer, and it has now revealed, besides the cancer, he has several too small to characterize hypodensities within the liver. The largest is a 1.1 cm hypodense lesion which is indeterminate. If needed, further evaluation could be performed with dedicated liver MRI versus PET/CT. Several borderline iliac lymph nodes are present, right greater than left. Multiple mildly enlarged inguinal lymph nodes, most prominent on the left side.

54. The denial, delay and refusal to give specialized service from Uconn in order to save money and make a profit has caused the plaintiff to great pain and suffering, and the possible loss of liberty and life due to the late diagnosis of cancer.

55. The defendants' have violated the plaintiff's federal rights guareented by the U.S. constitution, and all defendants' are liable to the suffering done.

56. The failure to allow plaintiff to go to recreation yard to obtain sun light for his medical condition, when he was ordered by the Doctor to do so and the defendants(Maggio and Augusto) refused to allow him go denied him access to a service, which violated his Americans with Disability Act.

57. The failure to provide biopsy, delay and denial to provide biopsy, Failure to follow recommendations of URC committee and Failure to provide Specialty services, which were available constitutes the torts of negligence and medical malpractice under state law. It should be noted that the plaintiff has also filed a medical malpractice under the theory of negligence/medical malpractice in the Connecticut Claims Commissioner office. It is well known that the Attorney General Office will attack a pro se lawsuit with, the plaintiff did not file for permission to sue in the Claims Commissioner.

## Exhaustion of Administrative Remedies

The plaintiff has filed grievance about his medical treatment.

## Claims for relief

The Defendants have Failed to provide patient information on medications,

Failed to carry out medical orders
Failed to act on medical recommenendations
Failed to follow professional standards
Failed to follow medical protocols
Denial of access to medical personnel qualified to exercise judgment about a particular medical condition.
Denial of access of medical care, treatment, specialist, and specialized procedure and services
Delay of access of medical care, treatment, specialist, and specialized procedure and Services.
Providing the bare minimum to save money and turn a profit( to line pockets)

As a direct result of the deliberate indifference of defendants, plaintiff's physical well being was medically compromised. After receiving biopsy, he is now diagnosis with Cancer, as a result of delay, and could possible have have lost the window of opportunity in which medically necessary and meaningful treatment could have been afforded plaintiff the opportunity to prevent and/or delay the effects of cancer. In providing numerous medication without proper diagnosis, exposed the plaintiff to numerous toxic medications, which may have caused the cancer in the plaintiff. The failing to provide the plaintiff with constitutionally adequate medical care in direct violation of 8th Amendment, the defendants wrongly disregarded an excessive risk to plaintiff health and subjected him to a death sentence. Defendant were responsible for creating the protocol, including policies and practices for the treatment of skin disease and cancers. Defendant failed to implement an institutional system/plan to monitor, track and treat plaintiff's skin disease and cancer. Defendant failed to ensure conformity with acceptable professional and community standards in the treatment of skin diseases and cancer. As a direct result of the above the plaintiff has suffered cruel and unusual punishment over the past 3 years, and continues to suffer in discomfort and pain. Plaintiff will soon be experiencing chemotherapy and relate treatments for his cancer. His distress of mind, anxiety, pain and suffering are all liable of defendants'

Relief

The defendants' have clearly violated the plaintiff's constitutional rights in various ways, and have been deliberate indifferent to his serious medical needs by not providing the plaintiff a biopsy early, when it was requested. Causing him to suffer Cruel and Unusual Punishment. This delay and denial to provide medical care that was readily available was in violation of the 8th Amendment.

The plaintiff requests:

1. Injunctive relief:

    a. The Contract between Uconn and DOC be deemed unconstitutional on its' face as DOC attempts to take away all liability from Uconn for illegal and unconstitutional activity in providing inmates medical care. Saving and Making money at the expense of inmate lives and care.

    b. Order DOC/Uconn to provide any and all specialty services to plaintiff in his need to the diagnosis of his T-Cell cancer and recovery.

    c. Order DOC/Uconn to provide any and all specialty services to plaintiff in regards to his diagnosis of Psoriasis.

2. Compensatory damages in the amount of 100,000.00 dollars against each and every defendant in their Individual capacity only.

3. Punitive damages in the amount of 100,000.00 against each and every defendant in their Individual capaciety only.

4. Declaratory Judgment that the rules, regulations, policies, customs of Correctional Managed Health care as regarding medical care, patient information and biopsy to diagnosis be deemed unconstitutional and changed immediately.

5. Nominal relief $1.00

6. Jury trial demand.

7. Attorney fees

8. Cost of Suit

9. Any and all equitable relief this court deems just and right.

*Wayne World*