UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| WAYNE WORLD, | : | |
|     Plaintiff, | : | CASE NO. 3:16-cv-519 (JCH) |
| | : | |
| v. | : | |
| | : | |
| CORRECTIONAL MANAGED | : | |
| HEALTH CARE, et al., | : | JUNE 22, 2016 |
|     Defendants. | : | |

ORDER RE DEFENDANT CORRECTIONAL MANAGED HEALTH CARE

Plaintiff Wayne World ("World") filed this complaint pro se under section 1983 of title 42 of the United States Code, the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 et seq., and state law.  He alleges that the defendants were deliberately indifferent to his serious medical needs.  On April 29, 2016, the court filed an Initial Review Order reviewing the claims.  In that Order, the court inadvertently failed to address the claims against defendant Correctional Managed Health Care.  World alleges federal claims for deliberate indifference to his serious medical need and an unconstitutional contract for provision of medical services to Connecticut inmates,[1] as well as state law medical malpractice and negligence claims.

Under section 1915A of title 28 of the United States Code, the court must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief.  Id.

---

[1] "Department of Correction unconstitutionally engaged in a contract with Uconn to taken away all liability from the University for any civil action brought against them.  Stating DOC will pay for it.  Thereby waiving all rights."  Doc. No. 1 at 7, ¶ 52.

Correctional Managed Health Care is a division of the University of Connecticut Health Center, which is a state agency. Neither a state agency, nor any subdivision thereof, is considered a person within the meaning of section 1983. See Will v. Michigan Dep't of Police, 491 U.S. 58, 70-71 (1989); see also Ferla v. Corr. Managed Health Care, No. 3:15-cv-1303(MPS), 2015 WL 5826812, at *12 (D. Conn. Oct. 2, 2015) (Correctional Managed Health Care, a division of a state agency, is not a person subject to suit under 42 U.S.C. § 1983). Accordingly, all section 1983 claims against Correctional Managed Health Care are dismissed.

In the Initial Review Order, the court dismissed all state law claims for medical malpractice because World failed to file an opinion letter from a qualified medical professional certifying that there was medical negligence in his care or treatment as required under Connecticut General Statutes Section 52-190a. See Doc. No. 7 at 11-12. This requirement also applies to claims against hospitals. See Hanton v. Univ. of Conn. Health Center, No. 428471, 1999 WL 545775, at *1 (Conn. Super. Ct. Jul. 15, 1999) (dismissing action for medical malpractice against University of Connecticut Health Center for failure to provide certificate required under Conn. Gen. Stat. § 52-190a). As World has not filed the required letter, any state law claims for medical negligence or malpractice against Correctional Managed Health Care are dismissed as well.

In the Initial Review Order, the court also dismissed all ADA claims because World failed to show that he had an ADA qualifying disability and failed to identify a program or service routinely provided to able-bodied inmates but denied to him. See Doc. No. 7 at 8-9. While the Initial Review Order referenced only the ADA claims against defendants Maggio and Augusto, such dismissal applies to the ADA claim against Correctional

Managed Health Care as well.

All claims against Correctional Managed Health Care are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1).

**SO ORDERED** this 22nd day of June 2016 at New Haven, Connecticut.

/s/ Janet C. Hall
Janet C. Hall
United States District Judge

3